UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-60828-CV-WILLIAMS
(CASE NO. 15-62175-CV-WILLIAMS)
(CASE NO. 98-6128-CR-WILLIAMS)[1]
MAGISTRATE JUDGE REID

ROBERT MARVIN HARRIS,

    Movant,

v.

UNITED STATES OF AMERICA,

    Respondent.

## REPORT OF MAGISTRATE JUDGE

### I. Introduction

This matter is before the Court on Movant's "Motion to Reopen Cases to Redress Claims – for Motion to Vacate, Set Aside, or Correct a Sentence Under and Pursuant to 28 U.S.C. § 2255." [ECF No. 1].[2] Liberally construed, Movant alleges that one of the factual predicates used to enhance his sentence was vacated and, therefore, the Court should reopen one of his previous § 2255 proceedings or, in the

---

[1] The criminal case was previously identified as 98-6128-CR-ZLOCH.

[2] Citations to "ECF No." refer to docket entries in this case number. In contrast, "CR ECF No." refers to any docket entries in the criminal case number. Lastly, citations to "CV1 ECF" are references to docket entries in Case No. 99-07572-CV-Ruiz, and any citations to "CV2 ECF No." reference docket entries in Case No. 15-62175-CV-WILLIAMS.

alternative, he should be provided an opportunity to raise new claims to challenge the sentence imposed in Case No. 98-6128-CR-WILLIAMS. [*Id.*].

The instant Motion was initially filed in Case No. 15-62175-CV-WILLIAMS. [CV2 ECF No. 11]. Because the Motion is actually an attempt to file a successive § 2255 motion, a new action was opened. [CV2 ECF No. 14]. As set forth below, the Motion should be dismissed for lack of jurisdiction. [ECF No. 1].

## II. Pertinent Factual and Procedural History

In 1999, Movant was convicted of (1) conspiracy to import cocaine; (2) conspiracy to import marijuana; (3) possession with intent to distribute cocaine; and (4) possession with intent to distribute marijuana. [CR ECF No. 121]. The Court imposed a total term of 600 months' imprisonment. [*Id.*].

Movant appealed. [CR ECF No. 122]. The convictions and sentences were affirmed on appeal in October 1999. [CR ECF No. 127]; *see also United States v. Harris*, 200 F.3d 821 (11th Cir. 1999).

The following month, Movant filed his initial Motion to Vacate pursuant to 28 U.S.C. § 2255. [CV1 ECF No.1]. A Magistrate Judge recommended that the Motion be denied on the merits. [CV1 ECF No. 8]. The Court adopted the Report. [CV1 ECF No. 10]. Movant did not file a timely appeal. *See generally* [CV1 ECF Nos. 11, 13]. (showing Movant filed a motion for reconsideration and notice of appeal seven years after the Court adopted the Report).

Since then, Movant has submitted numerous filings—all in an effort to reduce his sentence or obtain preliminary release until the Court resolves his other filings. [CR ECF Nos. 156, 160-61, 190, 192, 197, 202, 215-16, 220, 226, 249]. The docket confirms none of his filings yielded successful results. [CR ECF Nos. 164-65, 188, 194-95, 198, 205, 208, 222, 225, 240, 249-50, 255, 257].

Among Movant's various filings, Case No. 15-62175-CV-WILLIAMS, a § 2255 motion to vacate, was dismissed as an unauthorized successive § 2255 proceeding. [CV2 ECF Nos. 7, 9]. In that case number, Movant filed the instant "Motion to Reopen Cases to Redress Claims – for Motion to Vacate, Set Aside, or Correct a Sentence Under and Pursuant to 28 U.S.C. § 2255." [CV2 ECF No. 11].

The Court referred the Motion to Reopen to the Undersigned. [CV2 ECF No. 13]. Upon review of the Motion to Reopen, the Undersigned entered an Order of Directions to Clerk to Open a New Case, as the allegations and contentions were more appropriate as a separate § 2255 proceeding. [CV2 ECF No. 14].

Movant's Motion to Reopen is presently before the Court. [ECF No. 1]. Liberally construed, Movant submits one of the predicate offenses that supported a sentencing enhancement he received has since been vacated, permitting him an opportunity to either reopen his case or to raise new claims without the successive bar affecting the Court's jurisdiction. [*Id.* at 14-16]. According to Movant, his state court conviction in Broward County, Case No. 93-012659CF10A, was vacated on

3

June 3, 2019. [*Id.* at 1-2, 8]. Based on that allegation, he contends that he is entitled to a resentencing as his first ground for relief. [*Id.* at 5-8]. As a second ground for relief, Movant claims the indictment in the underlying criminal case was defective. [*Id.* at 8-10].

### III.   Discussion

Rule 4 of the Rules Governing § 2255 Cases provides that, "[i]f it plainly appears from the motion . . . that the moving party is not entitled to relief, . . . the judge must dismiss the motion . . .." Consistently, the Supreme Court has stated that "[f]ederal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face[.]" *McFarland v. Scott*, 512 U.S. 849, 856 (1994) (citing Rule 4, Rules Governing § 2254 Cases). In reviewing a petition or motion under Rule 4 of these rules, courts must construe it liberally. *Enriquez v. Fla. Parole Comm'n*, 227 F. App'x 836, 837 (11th Cir. 2007) (per curiam) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).

"Before a second or successive [§ 2255 motion] is filed in the district court, the [movant] shall move in the appropriate court of appeals for an order authorizing the district court to consider the [petition]." 28 U.S.C. § 2244(b)(3)(A). "A motion in the court of appeals for an order authorizing the district court to consider a second or successive [petition] shall be determined by a three-judge panel of the court of appeals[,]" and may be granted "only if [the court of appeals] determines that the

[petition] makes a prima facie showing that the application satisfies the requirements of [28 U.S.C. § 2244(b)(2)]." *Id.* § 2244(b)(3)(B)-(C). Under § 2244(b), without authorization from the appropriate court of appeals, a "[d]istrict [c]ourt [is] without jurisdiction to entertain" a "'second or successive' petition challenging [the inmate's] custody[.]" *Burton v. Stewart*, 549 U.S. 147, 157 (2007).

However, "the phrase 'second or successive' is not self-defining and does not refer to all habeas applications filed second or successive in time." *Stewart v. United States*, 646 F.3d 856, 859 (11th Cir. 2011) (citing *Panetti v. Quarterman*, 551 U.S. 930, 943–44 (2007)). For instance, "second or successive status only attaches to a judgment on the merits." *Boyd v. United States*, 754 F.3d 1298, 1302 (11th Cir. 2014) (citing, *inter alia*, *Slack v. McDaniel*, 529 U.S. 473, 485–86 (2000)).

Furthermore, a "vacatur-based claim [that] did not exist until after the proceedings on [the] initial § 2255 motion concluded[]" is not subject to "second or successive" restrictions. *Boyd*, 754 F.3d at 1302. Similarly, where a "resentencing [leads] to a new judgment, [a subsequent § 2254 petition or § 2255 motion] challenging that new judgment cannot be 'second or successive' such that § 2244(b) would apply." *Magwood v. Patterson*, 561 U.S. 320, 331 (2010). Likewise, "when [a subsequent § 2254 petition or § 2255 motion] is the first to challenge a new judgment, it is not 'second or successive,' regardless of whether its claims challenge the sentence or the underlying conviction." *Insignares v. Sec'y, Fla. Dep't of Corr.*,

5

755 F.3d 1273, 1281 (11th Cir. 2014); *but cf. Patterson v. Sec'y, Fla. Dep't of Corr.*, 849 F.3d 1321, 1326 (11th Cir. 2017) (en banc) (distinguishing *Insignares*).

Lastly, if a claim—by its nature—unusually became ripe years after direct or collateral review, the claim might not be "second or successive" in a second-in-time motion to vacate. *See Scott v. United States*, 890 F.3d 1239, 1256 (11th Cir. 2018); *see also Tompkins v. Sec'y, Dep't of Corr.*, 557 F.3d 1257, 1260 (11th Cir. 2009). To illustrate, in *Panetti*, a *Ford*[3] competency-to-be-executed claim was not successive within a second-in-time habeas corpus petition because the claim was filed as soon as the claim became ripe. *Tompkins*, 557 F.3d at, 1259-60 (discussing *Panetti*, 551 U.S. at 943-47). For this doctrine to apply, the habeas litigant must also have lacked a fair opportunity to raise the legal issue for lack of ripeness. *Scott*, 890 F.3d at 1249 (citing *Magwood v. Patterson*, 561 U.S. 320, 345 (2010) (Kennedy, J. dissenting)).

Movant is seeking to challenge his criminal conviction by filing a second § 2255 Motion to Vacate. Movant already had a § 2255 motion denied on the merits. [CV1 ECF No. 10]. The successive bar, therefore, applies. *See Boyd*, 754 F.3d at 1302.

Absent an exception, Movant must still seek authorization by a panel in the Eleventh Circuit. *See* 28 U.S.C. § 2255(h)(2). And Movant does not allege that he

---

[3] *Ford v. Wainwright*, 477 U.S. 399 (1986).

has applied for and obtained the necessary authorization from the Eleventh Circuit. Further, a search of the Public Access to Court Electronic Records ("PACER") website does not show that he has been authorized to file this Motion.

Importantly, none of the exceptions to the bar on unauthorized successive filings apply. In an attempt to overcome the bar on successive complaints, Movant asserts his state court conviction was vacated on June 3, 2019. [ECF No. 1]. If true, the claim could be reviewed on the merits because it would not be successive. *See Boyd*, 754 F.3d at 1302. However, the Court has taken judicial notice of state courts records and confirmed that Movant's underlying conviction was not vacated. [ECF Nos. 4, 5-1, 6]. In truth, a petition seeking relief was denied on the date Movant alleged he obtained relief. [ECF Nos. 5-1, 6]. As for Ground Two, the challenge to the indictment it is not a claim based on any of the previously mentioned exceptions to the bar on successive filings.

Movant, therefore, filed a "second or successive" Motion to Vacate without the necessary authorization from the Eleventh Circuit. Without authorization, the Court lacks jurisdiction over the instant filing. The Motion to Reopen should, therefore, be dismissed.[4]

---

[4] The Undersigned considered whether the Motion to Reopen could be construed as a motion under Fed. R. Civ. P. 60(b). It cannot. Because Movant does not challenge the integrity of the collateral proceedings, and presents only claims for relief, the Motion to Reopen is properly construed as a successive § 2255 proceeding. *See Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005) (explaining a new ground for relief or an attack the federal court's previous resolution of a claim on the merits

## IV. Certificate of Appealability

"A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

Here, in view of the entire record, a certificate of appealability should not issue. If Movant disagrees, he may so argue in any objections filed with the district court. *See* Rule 11(a), Rules Governing § 2255 Cases ("Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue.").

## V. Conclusions and Recommendations

As discussed above, it is recommended that the Motion to Reopen [ECF No. 1] be dismissed for lack of jurisdiction; that no certificate of appealability issue; and that this case be closed. If the Motion to Reopen remains pending in Case No. 15-

---

cannot be construed as a Rule 60(b) motion, only a "defect in the integrity of the federal habeas proceedings" may be raised).

Case 0:20-cv-60828-KMW   Document 7   Entered on FLSD Docket 06/16/2020   Page 9 of 9

62175-CV-WILLIAMS, it is further recommended that the Motion to Reopen [CV2 ECF No. 11] be dismissed for lack of jurisdiction consistent with this Report.

Objections to this report may be filed with the District Court Judge within fourteen days of receipt of a copy of the report. Failure to file timely objections shall bar Movant from a *de novo* determination by the District Court Judge of an issue covered in this report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the District Court Judge except upon grounds of plain error or manifest injustice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 148-53 (1985).

SIGNED 15th day of June, 2020.

                                                UNITED STATES MAGISTRATE JUDGE

cc:    Robert Marvin Harris
        54630-004
        Coleman I-USP
        United States Penitentiary
        Inmate Mail/Parcels
        Post Office Box 1033
        Coleman, FL 33521
        PRO SE

        Noticing 2255 US Attorney
        Email: usafls-2255@usdoj.gov